```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------
```
ANTHONY HALL,

                         Plaintiff,

                         v.

THE BANK OF NEW YORK MELLON, WELLS FARGO BANK, N.A., JP MORGAN CHASE BANK N.A., DEBORAH M. MARSHALL, ESQ., CHRISTOPHER P. KOHN, FRENEKEL, LAMBERT, WEISS, WEISMAN & GORDON, LLP and JOHN/JANE DOES 1–20,

                         Defendants.

NOT FOR PUBLICATION

**MEMORANDUM & ORDER**
15-CV-7156 (MKB)

```
---------------------------------------------------------------
```
MARGO K. BRODIE, United States District Judge:

      Plaintiff Anthony Hall, proceeding *pro se*, filed the above-captioned action against Defendants the Bank of New York Mellon ("Mellon"), Wells Fargo Bank, N.A. ("Wells"), JP Morgran Chase Bank N.A. ("Chase"), Deborah M. Marshall, Esq., Christopher P. Kohn, Frenkel, Lambert, Weiss, Weisman & Gordon, LLP and John/Jane Does 1–20. (Compl., Docket Entry No. 1.) Plaintiff alleges that Defendants unlawfully foreclosed on Plaintiff's property located at 497 Maple Street in Brooklyn, New York. (*Id.* ¶¶ 5–13.) Plaintiff seeks damages as well as injunctive and declaratory relief. (*Id.* ¶¶ 14–19.) Defendants Frenkel, Lambert, Weiss, Weisman & Gordon, LLP and Christopher P. Kohn (the "Law Firm Defendants") move to dismiss the Complaint for lack of jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure and for failure to state a claim upon which relief may be granted pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. (Law Firm Defs. Mot. to Dismiss, ("Law Firm Defs. Mot."), Docket Entry No. 20.) Defendants Mellon and Wells, together, and Chase, separately, also move to dismiss the Complaint for lack of jurisdiction pursuant to Rule 12(b)(1)

of the Federal Rules of Civil Procedure and for failure to state a claim upon which relief may be granted pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. (Mellon and Wells Mot. to Dismiss ("Mellon and Wells Mot."), Docket Entry No. 32; Chase Mot. to Dismiss ("Chase Mot."), Docket Entry No. 34.) For the reasons discussed below, the Court grants Defendants' motions to dismiss for lack of jurisdiction.

**I. Background**

In December of 2004, Plaintiff executed a mortgage note for a property located at 497 Maple Street in Brooklyn, New York (the "Property"). (Compl. ¶¶ 2, 5, 8; State Ct. Foreclosure Action Summons and Compl. ("Mellon State Ct. Compl.") 3–4, Docket Entry No. 32-4; Pl. May 2015 Mot. to Vacate State Ct. Order 6–7, Docket Entry No. 32-8.) The note was later assigned to Mellon. (Mellon State Ct. Compl. 4.)[1] In April of 2008, after Plaintiff defaulted on the note, the Law Firm Defendants filed an action on behalf of Mellon in New York Supreme Court, Kings County (the "State Court"), seeking to foreclose on the Property. (Compl. ¶ 8; State Ct. Compl. 3–5.) In August of 2013, Mellon moved for a default judgement and an order of reference because neither Plaintiff nor any other interested party answered or otherwise responded to Mellon's foreclosure complaint. (State Ct. Order of Reference 5, Docket Entry No. 32-5.)[2] The State Court granted the motion and appointed Deborah M. Marshall, Esq., as the referee to determine the total amount due under the note. (*Id.* at 6.)

As relevant here, in March of 2014, Plaintiff commenced an action against Defendants in the State Court, seeking to quiet title to the Property and seeking damages based on allegedly

---

[1] Because the Court is assessing whether it has subject matter jurisdiction, it may rely on documents outside the Complaint. *See M.E.S., Inc. v. Snell*, 712 F.3d 666, 671 (2d Cir. 2013).

[2] Because the State Court Order of Reference is not consecutively paginated, the Court refers to the electronic document filing system ("ECF") pagination.

fraudulent conduct related to the note. (State Ct. Decision and Order dated Sept. 4, 2014 ("State Ct. Sept. 2014 Order") 2–3, Docket Entry No. 32-13.) Defendants moved to dismiss the action on the ground that the pleading failed to state a claim, which motion the State Court granted on September 4, 2014. (State Ct. Sept. 2014 Order 3–8.)

Meanwhile, referee Marshall determined the total amount Plaintiff owed under the note on May 30, 2014, and Mellon subsequently moved for a judgement of foreclosure and sale. (State Ct. Decision and Order dated May 12, 2015 ("State Ct. May 2015 Order") 2, Docket Entry No. 32-6.) Plaintiff moved to dismiss the State Court action based on a stipulation between Plaintiff and Chase, where Chase disclaimed any interest in the note. (*Id.*) By decision and order dated May 12, 2015, the State Court denied Plaintiff's motion and granted Mellon's motion for a judgment of foreclosure and sale. (*Id.* at 2–3; State Ct. J. of Foreclosure and Sale 1–10, Docket Entry No. 32-7.) Between June and October of 2015, Plaintiff filed four separate motions to vacate the State Court May 2015 Order, asserting that he satisfied the note debt and that the order was unconstitutional. (Pl. State Ct. Mots. to Vacate ("Pl. State Ct. Mots."), Docket Entry Nos. 32-8–32-11.) On December 14, 2015, the State Court denied the motions in a five-sentence order. (State Ct. Decision and Order dated Dec. 14, 2015 ("State Ct. Dec. 2015 Order"), Docket Entry No. 32-12.)

Two days later, Plaintiff filed the instant action. (Compl. ¶ 19.) Plaintiff alleges that Defendants "violently terminate[d]" his "property rights protected in the original United States Constitution . . . without due process," and engaged in "contumacious bad faith dealing and continuing intentional violation of established federal laws" by "filing a bogus mortgage foreclosure complaint . . . ." (*Id.* ¶ 2.) Plaintiff alleges that he settled the note debt with Mellon and therefore Defendants have unlawfully deprived him of the Property. (*Id.* ¶¶ 8–11.)

3

II. **Discussion**

    a. **Standard of review**

A district court may dismiss an action for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) when the court "lacks the statutory or constitutional power to adjudicate it." *Cortlandt St. Recovery Corp. v. Hellas Telecomms., S.À.R.L.,* 790 F.3d 411, 416–17 (2d Cir. 2015) (quoting *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000)); *Shabaj v. Holder*, 718 F.3d 48, 50 (2d Cir. 2013) (quoting *Aurecchione v. Schoolman Transp. Sys., Inc.*, 426 F.3d 635, 638 (2d Cir. 2005)). The plaintiff has the burden to prove that subject matter jurisdiction exists, and in evaluating whether the plaintiff has met that burden, "'[t]he court must take all facts alleged in the complaint as true and draw all reasonable inferences in favor of plaintiff,' but 'jurisdiction must be shown affirmatively, and that showing is not made by drawing from the pleadings inferences favorable to the party asserting it.'" *Morrison v. Nat'l Austl. Bank Ltd.*, 547 F.3d 167, 170 (2d Cir. 2008) (citations omitted), *aff'd*, 561 U.S. 247 (2010). A court may consider matters outside of the pleadings when determining whether subject matter jurisdiction exists. *M.E.S., Inc. v. Snell*, 712 F.3d 666, 671 (2d Cir. 2013); *Romano v. Kazacos*, 609 F.3d 512, 520 (2d Cir. 2010).

In reviewing a *pro se* complaint, the court must be mindful that a plaintiff's pleadings should be held "to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble*, 429 U.S. 97, 104-105 (1976)); *see Wiley v. Kirkpatrick,* 801 F.3d 51, 62 (2d Cir. 2015) (holding that courts must liberally construe papers submitted by *pro se* litigants "to make the strongest arguments they suggest"); *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) (noting that even after *Twombly*, the court "remain[s] obligated to construe a *pro se* complaint liberally").

### b. *Rooker-Feldman* Doctrine

Defendants move to dismiss the Complaint for lack of jurisdiction under the *Rooker-Feldman* doctrine, arguing that Plaintiff is asking the Court to review and reject the State Court decisions in the foreclosure action. (Law Firm Defs. Mot. 6–7; Mellon and Wells Mem. of Law in Supp. of Mellon and Wells Mot. 6–8, Docket Entry No. 32-1; Chase Mem. of Law in Supp. of Chase Mot. 4–7; Docket Entry No. 34-5.) Plaintiff argues in opposition to the motions that Defendants motions are premature and unsupported by law. (Pl. Opp'n to Chase Mot., Docket Entry No. 45; Pl. Opp'n to Mellon and Wells Mot., Docket Entry No. 46; Pl. Opp'n to Law Firm Defs. Mot., Docket Entry No. 47.) The Court finds that the instant action is barred by the *Rooker-Feldman* doctrine.

In *Rooker v. Fidelity Trust Company*, 263 U.S. 413, 415–16 (1923) and *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 486–87 (1983), the Supreme Court held that federal district courts lack subject matter jurisdiction over disputes where a plaintiff essentially seeks review of a state-court decision. *Feldman*, 460 U.S. at 482 ("[A] United States District Court has no authority to review final judgments of a state court in judicial proceedings."); *Rooker*, 263 U.S. at 416 (holding that "no court of the United States other than [the Supreme Court] could entertain a proceeding to reverse or modify [a state court's] judgment for errors"); *see also Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 283–84 (2005) (holding that *Rooker-Feldman* bars "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments"); *Vossbrinck v. Accredited Home Lenders, Inc.*, 773 F.3d 423, 426 (2d Cir. 2014) ("Under the *Rooker-Feldman* doctrine, federal district courts lack jurisdiction over cases that essentially amount to appeals of

5

state court judgments." (citing *Exxon Mobil Corp.*, 544 U.S. at 284)); *McKithen v. Brown*, 626 F.3d 143, 154 (2d Cir. 2010) ("[T]he *Rooker-Feldman* doctrine deprives a federal court of jurisdiction to consider a plaintiff's claim," which applies to "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review of those judgments." (citations and internal quotation marks omitted)). "Underlying the *Rooker-Feldman* doctrine is the principle, expressed by Congress in 28 U.S.C. § 1257, that within the federal judicial system, only the Supreme Court may review state-court decisions." *Hoblock v. Albany Cty. Bd. of Elections*, 422 F.3d 77, 84 (2d Cir. 2005); *accord Vossbrinck*, 773 F.3d at 426 ("The doctrine is rooted in the principle that appellate jurisdiction to reverse or modify a state-court judgment is lodged exclusively in the Supreme Court." (citation, alteration and internal quotation marks omitted)).

In order for the *Rooker-Feldman* doctrine to apply, the following four-part test must be satisfied: "(1) the federal-court plaintiff lost in state court; (2) the plaintiff complains of injuries caused by a state[-]court judgment; (3) the plaintiff invites review and rejection of that judgment; and (4) the state judgment was rendered before the district court proceedings commenced." *Vosbrinck*, 773 F.3d at 426 (alterations and internal quotation marks omitted) (quoting *Hoblock*, 422 F.3d at 85); *see also McKithen*, 626 F.3d at 154 (outlining the *Rooker-Feldman* test).

Here, applying the four-part test, the Court lacks subject matter jurisdiction under the *Rooker-Feldman* doctrine because Plaintiff requests that the Court overturn the State Court's decisions and orders in the State Court foreclosure action. (*See* Compl.) First, Plaintiff lost in the State Court foreclosure action; the State Court denied Plaintiff's motions and granted a judgment of foreclosure and sale. (*See* State Ct. May 2015 Order 8; State Ct. Dec. 2015 Order.) Second, Plaintiff's alleged injuries are a direct result of the State Court's decisions, as Plaintiff

seeks to quiet title to the Property and seeks damages based on Defendants' action in prosecuting the State Court foreclosure action. *See Vossbrinck*, 773 F.3d at 427 ("To the extent Vossbrinck asks the federal court to grant him title to his property . . . , *Rooker-Feldman* bars Vossbrinck's claims [because] [h]e is asking the federal court to determine whether the state [foreclosure] judgment was wrongfully issued . . . ."). Third, the relief Plaintiff seeks would require the Court to issue findings and conclusions that would directly contravene the State Court's decisions. *See id.* Fourth, the State Court's final decision was entered on December 14, 2015, two days before Plaintiff commenced the instant action on December 16, 2015.[3] (*See* State Ct. Dec. 2015 Order; Compl.) In similar cases, courts in this Circuit have found that the plaintiffs' actions were barred under the *Rooker-Feldman* doctrine. *See Vossbrinck*, 773 F.3d at 427; *Graham v. Select Portfolio Servicing, Inc.*, 156 F. Supp. 3d 491, 503-504 (S.D.N.Y. 2016) (finding that plaintiff's action was barred by the *Rooker-Feldman* doctrine because all of plaintiff's claims required the district court to find that "the state court's judgment of foreclosure was defective"); *Worthy-Pugh v. Deustche Bank Nat'l Tr. Co.*, No. 14-CV-1620, 2016 WL 2944535, at *4–5 (D. Conn. Jan. 29, 2016) (finding that the plaintiffs' claims were barred by the *Rooker-Feldman* doctrine because they were asking the district court "to review the state proceedings and determine that the foreclosure judgment was entered in error" (citation and internal quotation marks omitted)); *In re Bucksin Realty Inc.*, No. 13-CV-1004, 2016 WL 5260750, at *3–4 (Bankr. E.D.N.Y. Sept. 23, 2016)

---

[3] Nothing in the record or the publicly accessible databases shows that Plaintiff appealed the State Court December 2015 Order, and the thirty-day time period for filing any appeal pursuant to New York Civil Practice Law and Rules section 5513 has lapsed. *See The Bank of New York Tr. Co., N.A. v. Hall*, Index. No. 13090/2008, (N.Y. Sup. Ct. 2015), WebCivil Supreme – Case Detail, https://iapps.courts.state.ny.us/webcivil/FCASCaseInfo?parm=CaseInfo &index=ICoUt1KEFjs%2FWyFXXillFg%3D%3D&county=ts79iKWdw8ySqg690YARdQ%3D %3D&motion=M&docs=D&adate=11/04/2015 (last visited Feb. 28, 2017); *Giuffre Hyundai, Ltd. v. Hyundai Motor Am.*, 756 F.3d 204, 211 (2d Cir. 2014) (noting that the time to appeal under Section 5513 is thirty days from the date of the service of the judgment).

(finding that the plaintiff's action was barred by the *Rooker-Feldman* doctrine because the plaintiff alleged that the defendants "concocted a fraudulent cause of action by filing a complaint and obtaining a default judgment" in an underlying state court foreclosure action). Accordingly, because the four parts of the *Rooker-Feldman* test are satisfied, the Court lacks subject matter jurisdiction over the instant action.

### III. Conclusion

For the foregoing reasons, the Court grants Defendants' motion to dismiss for lack of jurisdiction.

SO ORDERED:

_____s/ MKB_____
MARGO K. BRODIE
United States District Judge

Dated: March 13, 2017
      Brooklyn, New York